NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0944-16T1
 A-1087-16T1

JCPO, LLC,

 Plaintiff-Appellant,

 v.

CLAYTON PERLMAN and EVA PERLMAN,

 Defendants-Respondents.
_____________________________________

JCPO, LLC,

 Plaintiff-Respondent,

 v.

CLAYTON PERLMAN and EVA PERLMAN,

 Defendants-Appellants.
_________________________________________________________

 Submitted October 31, 2017 – Decided November 14, 2017

 Before Judges Fisher and Sumners.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Monmouth County, Docket No.
 C-000196-14.

 Werner Suarez & Moran, LLC, attorneys for
 appellant in A-0944-16 and respondent in
 A-1087-16 (Anthony R. Suarez, on the briefs).
 Ferrara Law Group, PC, attorneys for
 respondents in A-0944-16 and appellants in
 A-1087-16 (Ralph P. Ferrara and Morgan J.
 Zucker, on the briefs).

PER CURIAM

 Plaintiff JCPO, LLC brought this chancery action against

defendants Clayton and Eva Perlman, alleging a fraudulent transfer

of property from Clayton to Eva. At the conclusion of JCPO's case-

in-chief, Chancery Judge Patricia Del Bueno Cleary dismissed the

complaint pursuant to Rule 4:37-2(b). Later, the judge denied

defendants' motion, based on both Rule 1:4-8 and N.J.S.A. 2A:15-

59.1, for frivolous litigation fees. JCPO appeals the involuntary

dismissal, as well as the judge's later denial of its motion for

reconsideration and a new trial. And defendants appeal the denial

of their motion for fees.

 We calendared these appeals back-to-back and now affirm the

orders under review by way of this single opinion. Indeed, we

affirm those orders substantially for the reasons set forth by

Judge Cleary in her oral decisions. We add only the following

brief comments regarding JCPO's appeal of the involuntary

dismissal.

 As the judge recognized, there was no dispute that, in 2010,

JCPO lent $170,000 to FHF Enterprises, LLC, to fund the latter's

acquisition and liquidation of foreclosed Florida properties.

 2 A-0944-16T1
Defendant Clayton Perlman, as a principal of FHF, signed the loan

agreement on FHF's behalf. But there was no evidence to support

the contention that Clayton Perlman signed the agreement in an

individual capacity or otherwise obligated himself personally on

the promise to repay.

 The evidence reveals that FHF later defaulted on the loan

agreement. JCPO then sued FHF, Clayton Perlman, and Frank Ficca,

another FHF principal, in a Florida court, alleging securities

fraud. In January 2013, the parties to the Florida suit entered

into a settlement agreement which called for a release of the

claims asserted by JCPO and the payment to JCPO by those defendants

of $120,000 in two installments. The first $20,000 installment,

due in April 2013, was paid; the second $100,000 installment, due

by the end of 2013, was not. Pursuant to the stipulation in the

settlement agreement that authorized JCPO's entitlement to a

$150,000 consent judgment, less any paid settlement proceeds, a

$130,000 judgment was entered in January 2014 against FHF, Clayton

Perlman, and Frank Ficca.

 This chancery action, commenced in November 2014 sought to

set aside a 2010 conveyance made by defendant Clayton Perlman – a

judgment debtor on the 2014 judgment based on the Florida

settlement agreement – to his wife, defendant Eva Perlman. Judge

Cleary, correctly applying Rule 4:37-2(b), which required that she

 3 A-0944-16T1
accept as true all the evidence that supported JCPO's position and

provide JCPO with all reasonable legitimate inferences, Verdicchio

v. Ricca, 179 N.J. 1, 30 (2004) – found no evidence to suggest

anything but that the underlying 2010 transaction was between only

JCPO and FHF and that, although Clayton Perlman executed the loan

agreement, he did so only in his capacity as a member of FHF and

not personally. In reviewing this determination, like the chancery

judge we too must honor the juridical distinction between the

business entity that incurred the 2010 obligation and the

individual who allegedly transferred assets at about the same time

as the loan agreement and who only, three years later, incurred

personal liability toward the claimant by entering into the

settlement agreement. See Motorworld, Inc. v. Benkendorf, 228 N.J.

311, 317, 332-33 (2017). For these reasons, as well as those set

forth by Judge Cleary in her cogent and thoughtful oral decision,

we affirm the order granting an involuntary dismissal of JCPO's

action.

 The orders under review in A-0944-16 and A-1087-16 are

affirmed.

 4 A-0944-16T1